T.C. Memo. 2000-168

UNITED STATES TAX COURT

ROGER JOHN TORPIE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 858-99.                              Filed May 22, 2000.

Roger John Torpie, Jr., pro se.

<u>Richard J. Wright</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>: Respondent determined a
deficiency in petitioner's 1996 Federal income tax of $238. The
issue is whether petitioner is entitled to a gambling loss
deduction. Petitioner resided in Dallas, Texas, when the
petition in this case was filed.

The facts are not in dispute and may be summarized as
follows. During 1996, petitioner won $858 in a lottery that he
reported on his 1996 Federal income tax return. While the exact

cumulative amount petitioner lost in gambling during 1996 is unclear, the parties seem to agree that he lost more than he won.

On his 1996 return petitioner deducted $858 in determining his adjusted gross income. Petitioner did not itemize deductions and claimed the so-called standard deduction. In the notice of deficiency, respondent determined that the $858 deduction was not allowable.

## Discussion

Section 61(a)[1] defines gross income to mean all income from whatever source derived. Lottery winnings are includable in gross income. See Paul v. Commissioner, T.C. Memo. 1992-582. Petitioner admits that he won $858. As we understand, petitioner's position is that he sustained a net loss from his gambling activities during 1996, and, therefore, he should be able to deduct the losses that he incurred in determining the amount of gambling income that he received.

Respondent argues that, even if the Court finds that petitioner sustained gambling losses during 1996, which we do, the deductible amount of such gambling losses would be limited to the amount of the gambling winnings reported. Respondent further argues that, even if petitioner were entitled to a Schedule A itemized deduction for any such gambling loss, the claimed

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

standard deduction for 1996 of $3,000, see sec. 63(c)(2)(C), would exceed the maximum gambling loss deduction.

In the case of an individual, section 62(a) defines adjusted gross income as gross income less certain deductions, including deductions attributable to a trade or business carried on by the taxpayer. See sec. 62(a)(1). If petitioner's gambling activity constituted a trade or business, his gambling losses would be deductible from gross income in arriving at adjusted gross income on Schedule C, Profit or Loss from Business. See id. If petitioner's gambling activity did not constitute a trade or business, his gambling losses would be deductible as an itemized deduction in arriving at taxable income on Schedule A, Itemized Deductions. See sec. 63(a). But, regardless whether or not the activity constituted a trade or business, section 165(d) provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." See also sec. 1.165-10, Income Tax Regs.

Petitioner has not argued, nor do we find, that he was in a trade or business of gambling. To be engaged in a trade or business, an individual must be involved in the activity with continuity and regularity, and the primary purpose for engaging in the activity must be for income or profit. See Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). "A sporadic activity, a hobby, or an amusement diversion does not qualify [as a trade or

business]." Id. at 35. Petitioner's gambling activities fall in the latter categories. His alleged gambling losses, therefore, are deductible only as a Schedule A itemized deduction. See Heidelberg v. Commissioner, T.C. Memo. 1977-133.

In order to claim any Schedule A itemized deduction, petitioner would have to forgo the standard deduction of $3,000. See sec. 63(a) and (b). Since he claims no itemized deductions, other than the gambling loss deduction, petitioner's total amount of itemized deductions (consisting solely of the gambling loss deduction) is limited by section 165(d) to the amount of the gambling income ($858). Under the statutory provisions, petitioner's most favorable tax treatment in this case is, therefore, the one determined by respondent in the statutory notice of deficiency.

Petitioner contends that Congress could not have intended this result because it discriminates against low-income taxpayers who rarely have sufficient deductions to itemize. This result, however, is directed by the literal language of the statutes involved as enacted by Congress, and we are bound by that language. The request for relief that petitioner seeks must be addressed to Congress and not to the courts.

To reflect the foregoing,

Decision will be entered

for respondent.